OLD & WALLACE, INC., Respondent, v. JOSEPH R. MAR-QUETTE, JR., INC., Appellant.

First Department, April 19, 1918.

Pleadings — amendment of complaint in action on contract with corporation — failure of plaintiff to prove incorporation fatal when question of authority of agent is one of fact.

The complaint in an action for breach of a contract alleged to have been made with plaintiff, a corporation, may be amended so as to allege a contract with certain individuals as partners and that plaintiff had become the owner of all the assets of said partnership, including all rights under the contract in suit; such amendment neither changes the cause of action nor its nature.

The failure of plaintiff to prove either its incorporation or its acquisition of the cause of action sued on is fatal, and calls for the reversal of a judgment entered in its favor on a directed verdict.

Evidence examined, and held, that the question whether defendant's agent had authority to make the contract was for the jury.

APPEAL by the defendant, Joseph R. Marquette, Jr., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New

584   OLD & WALLACE, INC., *v.* JOSEPH R. MARQUETTE, JR., INC.

First Department, April, 1918.          [Vol. 183.

York on the 27th day of April, 1917, upon the verdict of a jury rendered by direction of the court.

*Leonard H. Fish* of counsel [*Patrick McDonald,* attorney], for the appellant.

*Stephen Barker* of counsel [*Rounds, Hatch, Dillingham & Debevoise,* attorneys], for the respondent.

SHEARN, J.:

The action is to recover damages for breach of a written contract of sale of 100 tons of tapioca, made on November 21, 1916, through a broker by one Mandelburg, an employee of defendant. The defendant pleaded the Statute of Frauds and upon the trial claimed that Mandelburg had no authority to make such sales as the one in suit.

The complaint alleges that the plaintiff, a corporation, entered into a contract with the defendant which the defendant failed to perform. On the trial the court permitted the complaint to be amended so as to allege a contract with Old & Wallace as partners and that the plaintiff corporation became the owner of all the assets of Old & Wallace, including all rights under the contract in question. This amendment was made over the defendant's objection and it is claimed that it was unauthorized. I do not think that this point is well taken for the amendment did not change the cause of action or its nature, but merely involved the right of the plaintiff to recover upon it, which, in turn, depended merely upon allegation and proof of the assignment.

It appears, however, that through some oversight the plaintiff omitted to prove either the incorporation of the plaintiff or its acquisition of the cause of action. This is a fatal failure of proof and necessitates a new trial.

As there must be a new trial, the court should dispose of the question whether, but for this failure of proof, a directed verdict was proper. This question involves the authority of Mandelburg to make the sale. The defendant's evidence shows that while Mandelburg negotiated hundreds of sales on behalf of the defendant and had authority to make spot sales, he had no actual authority to make any sales in large quantities of goods to arrive. In every such case he was

required to refer his negotiations to Marquette, the president of the defendant corporation, and obtain his sanction and approval for the contract both as to amount and price. On the question of apparent authority, while strong evidence was introduced by the plaintiff in the shape of the testimony of Clarke, the broker, and of Mandelburg, we are compelled upon the review of a directed verdict to see whether there was any testimony from which the jury might draw the inference that such apparent authority did not exist. There is such testimony. The inference could be drawn first from the testimony of Marquette that in every instance of sale of goods to arrive, Mandelburg, after starting the negotiations with the broker, would, before closing them, come to Marquette for his sanction and approval of the trade. The inference could, therefore, be drawn that the broker must have well known from experience, shown by the inability of Mandelburg to close trades with him without first interrupting the negotiations and consulting with Marquette, that there was no authority to close such trades as this without the approval of Marquette. This was recognized by the plaintiff's counsel, for in rebuttal he recalled Clarke, the broker, and had him testify that in all of his dealings with Mandelburg the trades were closed without any interruption and without any hesitation and without any indication that Mandelburg had to consult with Marquette. This conflict of testimony presented a question of fact for the jury. Further evidence on this head was supplied by the uncontradicted testimony that it was the custom of the trade and the universal practice of the broker to draw his bought and sold notes in accordance with such custom of the trade, namely, to procure a written acceptance of the contract by the principal. The inference might be drawn from this that Clarke knew that all trades made for future arrival with Mandelburg required the written acceptance of his principal. There was, therefore, a question of fact raised with respect to the apparent authority of Mandelburg, and, as the contract stands or falls upon his authority, the negotiation having been solely with him, it was error to determine this as a matter of law.

A further question is raised as to whether the transaction, as disclosed by the evidence, was within the Statute of Frauds

(Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 85, as added by Laws of 1911, chap. 571). It is deemed inadvisable to determine this question in the present state of the record.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.